IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-503-DCK

| | |
|---|---|
| HARRY RONALD RICE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** regarding Defendant's "Motion To Dismiss" (Document No. 2). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for review. (Document No. 4). After careful consideration of the motion, the record, and applicable authority, the motion to dismiss will be granted.

## BACKGROUND

*Pro se* Plaintiff Harry Ronald Rice ("Plaintiff" or "Rice") filed a Complaint in the Superior Court of Mecklenburg County, North Carolina, against the United States of America ("Defendant") on July 2, 2012. (Document No. 1-1). The current action requests that a final judgment and order previously issued by this Court, U.S. v. Rice, 815 F.Supp. 158 (W.D.N.C. 1993), be "ordered void ab initio." (Document No. 1-1, p.2). Plaintiff suggests that this Court lacked subject matter jurisdiction in that previous action. Id.[1] Plaintiff's Complaint specifically seeks relief pursuant to

---

[1] The undersigned notes that Judge Robert D. Potter's decision on February 19, 1993, dismissing Plaintiff's motion to vacate, set aside or correct sentence, was affirmed by the Fourth Circuit Court of Appeals, and a petition for a writ of certiorari was later denied by the Supreme Court of the United States. See U.S. v. Rice, 815 F.Supp. 158 (W.D.N.C. 1993) *affirmed by* U.S. v. Rice, 16 F.3d 413 (4th Cir. Jan 6, 1994) *cert. denied by* Rice v. U.S., 513 U.S. 836 (1994).

N.C. Gen. Stat. § 15A-1415 and 14–415.1.  Id.  North Carolina General Statute § 15A-1415 addresses grounds for appropriate relief which may be asserted by a defendant after a verdict, and North Carolina General Statute § 14–415.1 addresses the possession of firearms by felons.

Defendant filed its "Notice Of Removal" (Document No. 1) with this Court on August 13, 2012.  Defendant based its removal on 28 U.S.C. § 1442(a)(1), which provides for removal of actions naming the United States as a defendant.  (Document No. 1, p.1).  Defendant then filed its "Motion To Dismiss" (Document No. 2) on August 17, 2012.  Defendant's motion to dismiss asserts that this case should be dismissed, "without prejudice to Plaintiff filing, in this Court, a motion pursuant to 28 U.S.C. § 2255."  (Document No. 2).

On September 12, 2012, Plaintiff filed a "... Motion For Remand To State Court..." (Document No. 3).  On September 27, 2012, the undersigned issued an "Order" (Document No. 8) denying Plaintiffs motion to remand and advising Plaintiff that he had a right to respond to the pending motion to dismiss.  (Document No. 8) (citing Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975)).  The Court, *sua sponte*, issued another "Roseboro Notice" on October 18, 2012, and allowed Plaintiff additional time to respond to the pending motion to dismiss.  (Document No. 10).

On October 26, 2012, Plaintiff filed an "Answer To Motion To Dismiss" (Document No. 11), as well as a request for "Relief From Judgment Or Order Pursuant To Fed.R.Civ.P. Rule 60(b)(4)" (Document No. 12).  On November 5, 2012, Defendant filed the "United States' Notice Regarding Reply" (Document No. 13), informing the Court that it did not intend to file a reply brief in support of its motion to dismiss.  As such, the pending motion is now ripe for disposition.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

**DISCUSSION**

In short, Defendant contends that Plaintiff cannot maintain an action seeking review of a

3

1993 decision by this Court, in the state courts of North Carolina pursuant to the North Carolina General Statutes. (Document No. 2). Specifically, Defendant argues that an action brought for appropriate relief pursuant to N.C. Gen. Stat. § 15A-1415 must be commenced by filing it "with the clerk of superior court of the district where the defendant was indicted." (Document No. 2, pp.2-3) (quoting N.C. Gen. Stat. § 15A-1420(b1)(1)).

As noted by Defendant, the underlying action(s) for which Plaintiff now seeks relief did not involve an indictment in state court, but rather an indictment and prosecution in this federal court. Moreover, Plaintiff was convicted in December 1990, and it appears that the statute he relies upon, N.C. Gen. Stat. § 15A-1415, applies only to offenses occurring on or after October 1, 1994. As such it appears that N.C. Gen. Stat. § 15A-1415 is inapplicable to the relief Plaintiff seeks.

To the extent Plaintiff seeks restoration of his right to possess firearms and/or other citizenship rights, those issues may be more properly addressed by N.C. Gen. Stat. § 13-1 *et seq*. and/or N.C. Gen. Stat. § 4–415. Plaintiff has not persuasively argued, or cited relevant authority to support a finding, that this lawsuit filed against the United States is the appropriate means to seek such relief.

In response, Plaintiff contends that there is not a basis to dismiss this action. (Document No. 11, p.1). Plaintiff's arguments are conclusory and difficult to follow. It does not appear that Plaintiff fully understands Defendant's arguments and the applicable authority.

After careful review of the papers and applicable authority, the undersigned agrees that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted. Even viewing the Complaint in the most favorable light to Plaintiff, he has failed to state a plausible claim.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Dismiss" (Document No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for "Relief From Judgment Or Order..." (Document No. 12) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: November 21, 2012

David C. Keesler
United States Magistrate Judge